UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN MATRICARDI, | ) | Case No.: 4:04 CV 1317 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| ASTRO SHAPES, INC., *et al.*, | ) | |
| Defendants | ) | <u>ORDER</u> |

Now pending before the court is the Motion to Compel and for Award of Sanctions (ECF No. 46) filed by Defendants Astro Shapes, Inc., Kelly Shaffer and Ronald Berton's (hereinafter, "Defendants"). For the reasons stated below, the motion is granted in part and denied in part.

**I. BACKGROUND**

Defendants removed this action from Mahoning County Court of Common Pleas on July 13, 2004 (ECF No.1). Shawn Matricardi's (hereinafter, "Plaintiff") Complaint (ECF No. 1-2) states that he was an employee of Astro Shapes for approximately 3 years prior to developing adult on-set dependent diabetes. Plaintiff asserts that Defendants refused to provide reasonable accommodations for his disability, penalized him for his absences, and terminated his employment on April 29, 2003. Plaintiff's Complaint alleges four causes of action; (1) disability discrimination; (2) discharge in violation of public policy; (3) retaliation; and (4) violation of the Americans with Disabilities Act.

## II. PROCEDURAL HISTORY

A ca1se management conference was held on October 15, 2004, at 10:30 a.m. The court denied Plaintiff's Motion to Remand (ECF No. 5) on October 22, 2004. The court granted the Joint Motion for Extension of Discovery and Dispositive Motion deadlines until September 30, 2005 and October 31, 2005 respectively (ECF No.33). On October 28, 2005, Plaintiff's Motion for an Extension of the Discovery Deadline (ECF No. 43) was granted in part and denied in part. The discovery deadline was extended to November 15, 2005, and the dispositive motions deadline was extended to December 15, 2005. Plaintiff was limited to discovery regarding documents that substantiate the workplace modifications made for each individual employee of Astro Shapes.

## III. FACTS RELATED TO DISCOVERY DISPUTE

During Plaintiff's deposition on September 1, 2005, and September 9, 2005, Defendants requested and Plaintiff indicated he had the following documents:

(1) Anthem certificate of coverage and related information
(2) Debit card and checking account statements showing medical expenses
(3) Collection notices received regarding overdue bills
(4) Records pertaining to past credit history
(5) On-line banking records concerning monthly expenses
(6) Income tax return for 2004
(7) Direct deposit records for current employment
(8) Current pay stubs showing direct deposits and pay to date
(9) Bank deposit records from self-employment
(10) Anthem policy, company policy manual and team leader manual from current employment
(11) Electronic records concerning job search efforts
(12) Records of amounts paid out of pocket for attorneys' fees or expenses

After Plaintiff's deposition, these items were not immediately produced. Defendants issued their First Request for Production of Documents and First Set of Interrogatories to Plaintiff (ECF No. 46-3) several months earlier, on March 10, 2005. On June 6, 2004, Defendants' counsel sent Plaintiff's counsel a letter (ECF No. 46-4) inquiring as to the status of Plaintiff's responses to

Defendants' March 2005 Interrogatories and Requests for Production of Documents. On July 12, 2005, Plaintiff produced his initial responses, but they were not complete. Plaintiff's deposition appears to have taken place on September 1 and September 9, 2005. (*See* Plaintiff's Deposition cover page ECF No.46-6.) Defendants sent Plaintiff's counsel another letter on September 26, 2005, (ECF No. 46-7), again requesting production of items (1)-(12). Plaintiff's counsel did not respond. The discovery deadline expired on September 30, 2005. Defendants moved to compel production of these items on October 3, 2005.

## IV. LAW AND ANALYSIS

Federal Rule of Civil Procedure 37(a) and (e), provide that a party may, after making a reasonable effort to resolve the issue without court intervention, move to compel a party to answer discovery requests propounded pursuant to Federal Rules of Civil Procedure 33 and 34. Rule 37(a)(4) provides that a court shall award expenses and attorney's fees to the prevailing party when a motion to compel discovery is either granted or denied. *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1125 (6th Cir.1976). The Rule was amended in 1970 to "provide for the imposition of fees as the norm rather than the exception." *Eastern Maico Distributors v. Maico-Fahrzeugrabrik*, 658 F.2d 944 (3d Cir.1981). Thus, the award is mandatory "unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4).

Additionally, Federal Rule of Civil Procedure 34(b) requires that a party be given thirty days in which to produce documents. After reviewing Defendants' First Requests for Production of

Documents and First Set of Interrogatories to Plaintiff (ECF No. 46-3), and Defendants' First Request for Production of Documents issued in Case No. 03-CV-3588, the court finds that some items had been previously requested, but some had not, as indicated below:

| Items previously requested | Items not previously requested |
|---|---|
| (1) Anthem Certificate | (2) Debit Card & Checking Statements[1] |
| (4) Documents of credit history | (3) Collection Notices |
| (6) Income Tax Return for 2004 | (5) On-line banking records |
| (7) Direct Deposit records | (11) Electronic job search Records[2] |
| (8) Current Pay stubs | |
| (9) Bank Deposit Records from self employment | |
| (10) Anthem Policy & company policy manual | |
| (12) Record of amounts paid to attorneys. | |

The court concludes that Defendants' Motion to Compel may be untimely with regards to items (2), (3), (5) and (11). Plaintiff's deposition was on September 1, 2005, and September 9, 2005.[3] Defendants moved to compel on October 3, 2005. If items (2), (3), (5) and (11) were requested at Plaintiff's Deposition on September 9, and not on September 1, then only twenty-four days had past after Defendants first requested them. Neither party has presented information specifying on what date each of these requests were made so the court will assume the later date of September 9, 2005. Therefore, Defendants' Motion may have been untimely regarding items (2), (3), (5) and (11) as Plaintiff still had six days to produce the requested documents at the time

---

[1] Though Defendants' First Requests for Production of Documents, Request No. 2, asks for medical bills, invoices or receipts for payments, it is not clear to the court that Defendants sought Debit card and checking account statements showing medical expenses as requested by item (2).

[2] Though Defendants' First Requests for Production of Documents, Request No. 10 and Defendants' First Request for Production of Documents issued in Case No. 03-CV-3588, Request Nos. 3 and 9 ask for documents relating to Plaintiff's efforts to obtain employment, including but not limited to, applications and resumes submitted, it is not clear to the court that Defendants sought electronic records concerning Plaintiff's job search efforts as requested in item (11).

[3] *See* Plaintiff's Deposition cover page (ECF No.46-6).

Defendants moved to compel. Accordingly, Defendants' Motion to Compel items (2), (3), (5) and (11) is denied at this time.

The court finds that Defendants' Motion to Compel is timely for the remaining items and that Defendants made a good faith effort to obtain discovery before asking the court to intervene. Items (1), (4), (6), (7), (8), (9), (10), and (12) were seven months overdue, as they were requested by Defendants in their First Request for Production of Documents, (ECF No. 46-2 and ECF No. 46-3), again on June 6, 2005, ( ECF No. 46-4), and again on September 26, 2005 (ECF No. 46-7).

Plaintiff contends that Defendants' Motion is unwarranted because he responded as follows:

| Items produced | Items not produced because Plaintiff claims they are not in his possession or control |
|---|---|
| (2) Debit Card & Checking Statements | (1) Anthem Certificate |
| (5) On line banking records | (3) Collection Notices |
| (6) Income Tax Return for 2004 | (4) Records pertaining to past credit history |
| (7) Direct Deposit records | (9) Bank Deposit Records from self employment |
| (8) Current Pay stubs | (10) Anthem Policy and company policy manual |
| | (11) Electronic Records of job search efforts |
| | (12) Record of amounts paid to attorneys |

Plaintiff's argument that Defendants' Motion is unwarranted because all documents in his possession or control were produced on October 7, 2005 is not well-taken. Plaintiff failed to respond to Defendants' requests until *after* October 3, 2005, when Defendants moved to compel. Furthermore, the court sees no reason why Plaintiff cannot go to his employer, his bank, or his attorney to request a copy of items (1), (9), (10), and (12); thus, they are constructively under his custody or control. The court assumes that Plaintiff legitimately cannot locate or does not have constructive control over items (3), (4), and (11). Defendants' Motion to Compel is granted for

remaining items (1), (9), (10) and (12) that have not yet been produced by Plaintiff.[4] Plaintiff has fifteen days from the date of this Order to comply.

Finally, the court does not find that other circumstances make an award of expenses unjust. Defendants' Motion for Sanctions is granted for items (4), (6), (7), and (8) because they had been previously requested and were seven months overdue when Defendants moved to compel and for sanctions.[5] Items (2), (3), (5) and (11) are not included in the sanctions against Plaintiff because the court finds these items were first requested at the deposition and Plaintiff timely responded. Defendants must submit an account of the costs and expenses incurred in making their motion for the previously- requested items. Items (1), (9), (10) and (12) are not included because Plaintiff had a reasonable basis for asserting the documents were not in his custody or control, though the court ultimately held otherwise. Said account must be submitted to this court within ten days of this Order. Plaintiff must, if he wishes to challenge the amount of such costs, submit his opposition within seven days thereafter.

## V. CONCLUSION

For the above-stated reasons, Defendants' Motion to Compel and for Sanctions (ECF. No. 46) is granted in part and denied in part.

Defendants' Motion to Compel Plaintiff to respond to items (1), (9), (10) and (12) is granted. Plaintiff has fifteen days from the date of this Order to comply. Plaintiff is not compelled to respond to items (6), (7) and (8) only because they appear to have been produced by Plaintiff at the time of

---

[4] Plaintiff is not compelled to respond to items (6), (7) and (8), though previously requested in March, only because they appear to have been produced by Plaintiff at the time of this Order.

[5] Items (4), (6), (7), and (8) are included by the court for sanctions against Plaintiff because they were requested in March 2005 and Plaintiff failed to respond to those items until *after* Defendants moved to compel.

this Order. Plaintiff is not compelled to respond to items (2) and (5) because they were first requested at Plaintiff's deposition, and because they appear to have been produced at the time of this Order. Plaintiff is not compelled to respond to items (3), (4), and (11) because the court finds that these documents are not in Plaintiff's possession or control.

Defendants' Motion for Sanctions regarding items (4), (6), (7) and (8) is granted as they were previously requested by Defendants and were seven months overdue when Defendants moved to compel and for sanctions.

No sanctions shall be imposed upon Plaintiff for items (2) and (5) as it appears they were produced by Plaintiff within 30 days of Defendants first requesting them at Plaintiff's deposition. Additionally, no sanctions will be imposed against Plaintiff for items (3) and (11) because they were first requested at Plaintiff's deposition, Plaintiff responded within 30 days of Defendants' request as required by Federal Rule of Civil Procedure 34(b), and as previously stated, the court finds that they are not in Plaintiff's possession or control. No sanctions will be imposed for items (1), (9), (10) and (12) as plaintiff had a reasonable basis for arguing that these documents were not in is custody, though the court found otherwise.

The determinations and the orders entered in the within action shall stand unless the parties jointly notify the court that they have previously resolved the matters which are the subject of the Order in a different way which is satisfactory to them.

The court has under consideration Defendants' Motion for Summary Judgment (ECF No. 62) and Motion to Strike (ECF No. 75).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

March 30, 2007